UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES D. DAVIS,

        Petitioner,

vs.                                  Case No. 3:12-cv-515-J-39MCR

SECRETARY, DOC, et al.,

        Respondents.
_____

**ORDER**

**I.  STATUS**

Petitioner James D. Davis filed a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254.[1]  The Petition challenges a 2011 state court (Duval County) conviction for robbery.  Id. at 1.  Petitioner raises one ground for habeas relief: "whether fundamental error occurred when the state's argument shifted the burden of proof to the defense?"  Id. at 8.  The Court will address Petitioner's sole ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992).  Upon review, no evidentiary proceedings are required in this Court.

This cause is before the Court on Respondents' Motion to Dismiss/Response to Petition for Habeas Corpus (Response) (Doc.

---

[1] With respect to the Petition, the Court will reference the page numbers assigned through the electronic docketing system.

16).[3] The Exhibits are attached to the Response.[4] Petitioner filed a Reply to the Response (Doc. 20). See Order (Doc. 11).

## II. STANDARD OF REVIEW

The Court will analyze Petitioner's claim under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

Of significance, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

---

[3] Respondents concede that the Petition is timely. Response at 2.

[4] The Court hereinafter refers to the Exhibits (Doc. 16) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

## III.  PROCEDURAL HISTORY

With regard to this opinion, the following pertinent history transpired. On March 29, 2010, Petitioner was charged by information with one count of robbery. Ex. A at 10. The state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender. Id. at 11. The trial court conducted a jury trial on May 17, 2011. Ex. B; Ex. C; Ex. E. The jury returned a verdict of guilty to robbery as charged in the information. Ex. A at 29; Ex. C at 294.

On May 26, 2011, Petitioner moved for a new trial. Ex. A at 56-57. The trial court denied the motion. Id. at 58-59, 92. The court conducted a sentencing proceeding. Id. at 86-104. The court adjudicated Petitioner guilty and sentenced him to a term of twenty-four years as an habitual felony offender. Id. at 102. The circuit court entered Judgment and Sentence on May 31, 2011. Id. at 67-72.

Petitioner appealed his conviction. Id. at 80. He raised one ground on direct appeal: "whether fundamental error occurred when the state's argument shifted the burden of proof to the defense?" Ex. F at i. The state answered. Ex. G. On March 9, 2012, the First District Court of Appeal per curiam affirmed. Ex. H. The mandate issued on March 27, 2012. Ex. I.

**IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In ground one, the issue presented is: "whether fundamental error occurred when the state's argument shifted the burden of proof to the defense?" Petition at 8. Respondents urge this Court to find this ground procedurally defaulted. Response at 2-6.

The Court notes that there are prerequisites to a federal habeas review. As such, the Court must be mindful of the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S.Ct. 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of

> federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

Also, in addressing the question of exhaustion, the Court must ask whether Petitioner's claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." Kelley, 377 F.3d at 1343–44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 133 S.Ct. 875 (2013).

Of note, procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Id. at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Respondents assert that Petitioner failed to advance his due process claim in the state court appellate proceeding. In addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceeding and whether the state court was alerted to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Respondents' assertion that Petitioner did not exhaust his federal due process claim is not supported by the record. Petitioner sufficiently raised a claim of denial of due process of law in the First District Court of Appeal. Petitioner fairly presented his due process claim on direct appeal and gave the state appellate court a meaningful opportunity to address the claim. Ex.

F at 4-5. The state responded to Petitioner's assertion of a the denial of due process of law and a fair trial. See Ex. G at 10-11 (asserting that when reviewing a prosecutor's comment during closing argument, the argument should be analyzed in the context of the entire trial, with the focus on the fairness of the trial, relying on United States v. Young, 470 U.S. 1, 11-12, 16 (1985) (a seminal case addressing whether the actions of the prosecutor, when examined in the context of the entire trial, seriously affected the fairness of the trial, resulting in a miscarriage of justice)).

In his appellate brief, Petitioner sufficiently alerted the state court to the federal nature of his claim by raising a claim of denial of due process of law and a fair trial. Therefore, applying the Supreme Court's guidance in Baldwin "with common sense," while remembering the real purpose of the exhaustion requirement is to give the courts a meaningful opportunity to render a decision on the federal claim, the Court finds the due process claim raised in ground one is adequately exhausted and concludes that the claim is not procedurally defaulted.

Thus, to the extent the claim was raised in the federal constitutional sense, and to the extent that the federal constitutional claim was addressed, the state court's rejection of this ground is entitled to deference as required pursuant to AEDPA. Ex. H. The adjudication of the state appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme

Court. Petitioner has not established "that the state court's ruling on [his due process] claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 786-87.

As noted by this Court:

> Claims based on the statements of a prosecutor are assessed using a two-pronged analysis: first, the court must determine whether the comments at issue were improper; and, second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1182 (11th Cir. 2010); see also Cargill v. Turpin, 120 F.3d 1366, 1379 (11th Cir. 1997). A trial is rendered fundamentally unfair only where there is a reasonable probability that the outcome of the trial would have been different or a probability sufficient to undermine confidence in the outcome. Spencer, 609 F.3d at 1182; Williams v. Kemp, 846 F.2d 1276, 1283 (11th Cir. 1988).

Jackson v. Sec'y, Dep't of Corr., No. 6:09-cv-1219-Orl-36DAB, 2012 WL 2366548, at *4 (M.D. Fla. June 21, 2012) (Not Reported in F.Supp.2d). Considering the prosecutor's closing argument in the context of the entire trial, Petitioner's trial was not rendered unfair.

Therefore, Petitioner is not entitled to relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.  <u>See</u> Response at 6-9.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[5]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of January, 2015.

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

_____
BRIAN J. DAVIS
United States District Judge

```
sa 1/16
c:
James D. Davis
Ass't A.G. (McCoy)
```